H. A. DELESPINE AND WIFE V. GEORGE B. CAMPBELL ET AL.

1. FORECLOSURE OF MORTGAGE—PARTIES.—Where a mortgage is executed to secure two promissory notes due at different times, in a suit by the holder of the note last falling due to enforce the mortgage, the holders of the note first falling due are necessary parties.

2. PRAYER FOR RELIEF.—The fact that in a suit upon a note against the maker and an indorser, the indorser being the holder of a note secured by the same mortgage, but falling due at a later date, the proper prayer for equitable relief was not made, or any action taken except judgment against the indorser as such, does not estop the plaintiffs from an action to relieve against proceedings taken to foreclose the mortgage in favor of the other note, to which they were not made parties.

3. Priority of liens, discussed in case of a mortgage executed to secure two promissory notes falling due at different times, and held by different parties.

Appeal from Anderson. Tried below before the Hon. John G. Scott.

This was a suit brought by Delespine and wife to set aside a sale, charging that one Richard H. Wren, on the 13th January, 1861, made his two promissory notes, each for the sum of $1,347.32, the one due 1st March, 1862, with interest at 10 per cent. from 1st January, 1862, and the other due 1st March, 1863, with interest at 10 per cent. from 1st January, 1863, both payable to the order of George B. and Benjamin Campbell; that the first note was transferred to the appellants, and that a mortgage was given by Wren on the land for which said notes were given to secure the payment thereof. Appellants charged that suit was brought by them against Wren as maker and said George B. Campbell as indorser, to foreclose the mortgage, and that suit was also brought by said Campbell on the second note; that the case of appellants stood first on the docket, but when the case was called for trial said Campbell, being the clerk of the court, had, through fraud or negligence, mislaid the papers, and that by reason of such fraud or negligence, the said Campbell obtained judgment on his note first, though appellants brought suit first, and on the first note due. The bill further charged that Campbell prosecuted a writ of error, and the judgment against him was reversed. The bill charged that Campbell's judgment against Wren was rendered 23d October, 1866, for the sum of $1,780.27, and that on the 2d day of June, 1868, after the lapse of more than one year, when the said Campbell's judgment had become dormant, he fraudulently caused to be issued an execution on said dormant judgment, and fraudulently bought the said mortgaged land at the paltry sum of $250, when, in fact, it was worth twenty times that sum. Pinson and wife applied to the court, and set out that Mrs. Pinson had bought the

land of Campbell and paid for it, and claimed to be an innocent purchaser for value and without notice, &c. To this appellants replied, charging them with fraud, combining with Campbell to defraud and cheat the appellants, and with full knowledge of all the facts charged in the original bill and amendments, &c. The appellees excepted generally and specially, which exceptions were sustained, and the cause dismissed, from which the appellants appealed. The correctness of the rulings of the court in sustaining the exceptions and dismissing the bill is in controversy.

*T. J. Word,* for appellants, cited Teas *v.* McDonald, 13 Tex., 349; Williams *v.* Warnell, 28 Tex., 610; Howard *v.* North, 5 Tex., 290; Hancock *v.* Metz, 15 Tex., 205; Davenport *v.* Field, 12 Tex., 94; Holloman *v.* Middleton, 23 Tex., 537; Crunk *v.* Crunk, 23 Tex., 604; Story's Eq. Pl., secs. 253, 254, 442, 443, 446, 457.

*Reagan, Greenwood & Gooch,* for appellees.

1. As to judgment lien, *vide* Paschal's Dig., art. 3783, and Laws 1866, Paschal's Dig., 7005.

2. As to issuance of execution, *vide* Laws 1866, Paschal's Dig., arts. 7005, 7007.

3. As to whether execution can issue without revival after a year, *vide* Sydnor and others *v.* Roberts and others, 13 Tex., 598, and especially Hancock *v.* Metz, 15 Tex., 209, and Andrews *v.* Richardson, 21 Tex., 288, 296.

4. As to continuance of judgment, *vide* Paschal's Dig., art. 3965, and Jones *v.* McMahan & Gilbert, 30 Tex., 719; and Earle *v.* Johnson *et al.*, 31 Tex., 164; that the stay law of 1866 was unconstitutional. Campbell's judgment against Wren was obtained October 23, 1866, and the law for the collection of debts, stay law, approved November 10, 1866, which prevented the issuance of Campbell's order of sale until the decision of the Supreme Court in the case of Jones *v.* McMahan & Gilbert, above referred to, at the Galveston Jan-

uary Term, 1868; and on the 2d of June, after the decision of Jones v. McMahan and Gilbert, Campbell's order of sale was issued.

The judgments of Delespine and wife and Campbell were recorded at the same time, but the law authorizing such record having been repealed prior to said record, on the 9th day of November, 1866, (see Paschal's Dig., art. 7005,) it is a question as to whether the record amounted to anything. It is true that the law of 14th February, 1860, (see Paschal's Dig., art. 3962,) was of full force at the date of recovery of Campbell's judgment, 23d October, 1866.

5. Pinson is an innocent purchaser without notice. (*Vide* 13 Tex., 622, and Fowler v. Stoneum, 11 Tex., 501.).

6. Where fraud is charged, the facts constituting it must be charged. (*Vide* Austin v. Talk, 20 Tex., 164.)

7. Inadequacy of price without additional circumstances is not sufficient to invalidate a sale. (*Vide* Allen v. Stephanes, 18 Tex., 658; Baker v. Clepper, 26 Tex., 629; Moore v. Lowery, 27 Tex., 541; Riddle v. Bush, 27 Tex., 675.)

8. Judgment does not become dormant until ten years elapse. (See act November 9, 1866; Paschal's Dig., art. 7005.)

9. As to mode of attacking a sale under execution. (See Latham v. Selkirk, 11 Tex., 314.)

10. Where a party applies for a continuance, the court may look into the pleadings in the cause; and if no cause of action is shown, the motion may be refused. (*Vide* 23 Tex., 84; Id., 53; Id., 126; 8 Tex., 139; 25 Tex., 93; 15 Tex., 84; 13 Tex., 227.)

11. Where the equities are equal *qui prior est tempore potior est jure.* (See Story's Eq., sec. 1228.) .

We doubt not that plaintiffs in error at one time had a remedy to compel appellee or defendant in error, Campbell, to divide the proceeds of sale under the Campbell execution by a proper proceeding against Campbell and the sheriff; but we submit, that appellants have slept on their rights, and that

the judgment of the court below should be affirmed. We submit that plaintiffs' bill for relief in the court below was bad on general exceptions, because they nowhere allege the insolvency of Wren, the defendant, to their judgment; and if Wren's property was sold for an inadequate price, surely no one had a right to complain, unless his (Wren's) insolvency had been alleged by plaintiffs in error. Having a complete remedy by execution against Wren for satisfaction of their judgment, surely they could not complain if Wren stood by and saw his property sold at a sacrifice.

MOORE, ASSOCIATE JUSTICE.—This litigation would have been avoided, the rights of the parties more speedily and satisfactorily ascertained and adjusted, if either appellants or appellee, Campbell, had, as evidently they should have done, asked the court to pass upon and determine their respective rights under the mortgage in their suits against Wren on the notes for the security of which the mortgage was given. There can be no doubt that both Delespine and Campbell were fully cognizant of the rights claimed by the other under the mortgage which they were mutually seeking to foreclose. All persons interested in the mortgage should have been parties to a suit for its foreclosure; that even subsequent purchasers and incumbrancers, of whose claims the plaintiff is informed when he brings his suit, should be joined in the action, seems universally admitted. It was so held in at least two or three cases not yet reported, decided by this court during its last term. (Preston v. Breedlove; Byles v. Johnson; Cooper v. Martin, 1 Dana, 23; Haines v. Burch, 3 Johns. Ch., 459; Vanderkemp v. Shelton, 11 Paige, 28.)

Unless appellants are estopped in some way from invoking the equitable interposition of the court, it follows, even if they were junior incumbrancers, that, under their prayer for equitable relief, they would have been entitled to redeem, unless appellees, as the purchasers under Wren, chose to pay their debt.

It may be said that appellants, having failed to ask the proper relief when they sued upon their note, it is now too late for them to do so. But, in view of the fact that both parties seemed to have supposed that it was unnecessary to bring all the parties interested in the mortgage before the court; and although appellants made Campbell a party to their suit, he did not set up his rights under the mortgage, but instituted his separate action against the mortgagor; and in further view of the grossly inadequate price at which the land is alleged to have been sold under the decree; that Campbell was the purchaser at this sale, and that its conveyance by him to Mrs. Pinson is alleged to be collusive and fraudulent,—we think the application of the rule that equity will not interpose for the relief of a party who has neglected to ask it, when he might have done so, inapplicable to this case. At most, the parties are equally in fault, and equity is with appellant.

If the court had been called upon in either of the original suits to determine the respective equities of the parties under the mortgage, appellants could not have been held to be junior incumbrancers. The mortgage was given to secure a debt, payable in two installments. Appellants were the holders of the note first due. By its transfer they were entitled to all the securities for its payment to which the payee was entitled.

Some courts hold, when a mortgage is given for the security of a debt payable by installments, and the property is insufficient to pay all the notes, they are entitled to preference in the order in which they fall due. (The State Bank *v.* Tweedy, 8 Blackf., 447; M'Vay *v.* Bloodgood, 9 Port., 547; Berger *v.* Hiester, 6 Whart., 210.) There seems, however, to be equal weight of authority, where there are no special facts to warrant a different construction, for saying, if all the notes are due, that the proceeds of the mortgage should be applied to the payment of the notes *pro rata.* (Cage *v.* Iler, 5 S. & M., 410; Henderson *v.* Herrod, 10 Id., 631; Parker

·*v*. Mercer, 6 How., (Miss.,) 320; Pease *v*. Bancroft, 5 Met., 90.) By·which of these classes of decisions the court should be guided in adjusting the rights of the parties in this case, it would be premature for us to determine in its present attitude.

The judgment is reversed and the cause remanded.

Reversed and remanded.