## P. J. WILLIS & BRO. v. A. GAY, ADM'R.

1. VENDOR'S LIEN—ADDITIONAL SECURITY.—Though taking a note in payment for land, with sureties thereon, raises a presumption of the waiver of the vendor's lien, still that presumption may be rebutted by proof that the vendor relied upon the land, as well as upon the security given, for the payment of the purchase-money.

2. RECITALS—NOTICE.—If a fact is recited in a deed through which a party claims title to land, he is held to have notice of that fact.

3. SAME.—The recital in a deed that the consideration was "secured to be paid to us [the grantors] by the" grantee, conveys the intelligence, to any one who might inspect it, that the money was not paid down for the land, and that it was secured by the grantee to be paid at some future time; which facts are sufficient to excite inquiry which, if followed to its proper source, would lead to full notice.

4. DECLARATIONS OF PARTIES—EVIDENCE.—The declarations of one of several parties defendant, in his own favor, are not admissible, in behalf of another defendant, to defeat the plaintiff's action as against the party offering the declarations.

APPEAL from Montgomery. Tried below before the Hon. James Masterson.

May 4, 1872, Appelton Gay, administrator of Uri Brooks, brought suit, in the District Court of Montgomery county, against G. A. Matthews and H. N. Jones, for balance due on a promissory note made by them and L. W. Matthews, deceased, to Uri Brooks, for 200 acres of land conveyed to said

G. A. Matthews by Brooks and wife. The note was made October 3, 1859, and was due January 1, 1861. The deed was executed October 3, and recorded October 4, 1859.

By supplemental petition, filed March 26, 1873, plaintiff alleged, that, as between the makers of said note, L. W. Matthews and H. N. Jones were sureties of G. A. Matthews, but that the said Brooks, in addition to said security, also retained a lien on the land sold, to secure the payment of said note; that in October, 1869, G. A. Matthews conveyed to one L. L. Matthews, who, at his purchase, had actual and constructive notice that Brooks retained the vendor's lien on said land, which was unsatisfied; that in February, 1868, L. L. Matthews made a deed of gift to his minor children, Ella and Lee, for said land; that about the time of the execution of said deed of gift, P. J. Willis and Richard S. Willis (the firm P. J. Willis & Bro.) obtained a judgment against L. L. Matthews, under which the land was sold under execution, when P. J. Willis & Bro. became the purchasers; that the land had also been sold under another execution in favor of T. W. Smith, and purchased in by Smith; that the purchasers, P. J. Willis & Bro. and T. W. Smith, had notice of the vendor's lien upon said land.

The death of defendant H. N. Jones was alleged, and that his wife, Eleanor P. Jones, was left executrix, without control of the Probate Court. Process and judgment was asked against said Ella and Lee Matthews, P. J. Willis & Bro., T. W. Smith, and the executrix, Eleanor P. Jones.

In the original and supplemental petitions the land was described, and judgment asked against the makers of the note for the amount due, and against those claiming the land for a decree establishing and foreclosing the vendor's lien upon the land.

P. J. Willis & Bro. pleaded numerous defenses, demurring to the petition; denied that the lien existed or was reserved; alleged that the additional personal security taken was an abandonment of the lien; that the lien was waived;

that it was a stale demand; payment of the note; arrangements among the makers, by which H. N. Jones was to become principal, and was to pay the note; alleging facts on which action of the court was invoked declaring the note satisfied as against the land, &c.

The jury returned a verdict, finding for the plaintiff the balance due on the note sued on, ($1,402.43,) and that Brooks had a vendor's lien on the land described in the plaintiff's petition to secure the payment of the note, and against the claim of Ella and Lee Matthews; and for Willis & Bro. and Smith for the balance of the proceeds of the sale of the land, after satisfying plaintiff's demand.

Upon the verdict, judgment was rendered, and Willis & Bro. appealed.

The testimony and instructions are sufficiently set out in the opinion.

*N. H. & J. R. Davis,* for appellants.—The plaintiff's pleadings show, that when Brooks sold to Matthews, he made a deed, reciting that he had taken the note, with personal security, which is the foundation of this suit. Hence appellants' demurrer was erroneously overruled. (Parker County *v.* Sewell, 24 Tex., 238; Autrey *v.* Whitmore, 31 Tex., 623; 2 St. Eq., 1226, and note; 1 Greenl. Ev., 277; 4 Wheat., 201.) They ask this court to reverse and dismiss the case, at costs of appellee. (Paschal's Dig., art. 1562.)

The appellants complain of the rulings on their exceptions: 1st. Because plaintiff does not set out the terms of the contract for vendor's lien. 2d. Because he sets up a verbal contract for vendor's lien. 3d. Because he prays to establish. and foreclose vendor's lien. All erroneously overruled by the court below.

This court has correctly held that the vendor's lien is not a matter of contract, either verbal or written, and that it is the creature of a court of equity. In this case, it is averred. that it is retained, and that, in addition, "the said Brooks, in.

30

addition to said security, also retained a lien on the said land sold, to secure the payment of said note." The plaintiff testified in the case, and the burden of his evidence was to establish a verbal lien by contract, in which he is contradicted by the evidence of defendant G. A. Matthews, the written contract, and all the circumstances. (1 Greenl. Ev., sec. 277.)

The appellants also complain of the rulings of the court on the exceptions of appellee to their fourteenth plea, of staleness, which is good as a common-law defense in equity, regardless of any statute of limitations. This action accrued January 1, 1861, and the evidence shows that it would be a hardship on the sub-purchasers to enforce it at this late day in equity, where the rule is, that if one of two innocent parties must suffer, he who trusts most must suffer most. * *

[Counsel argued at length upon points not discussed in the opinion.]

*Baker & Botts*, for appellee.—It is submitted, that the main question, if not the only one involved in this appeal, is whether appellee, on the pleadings and evidence, has a lien on the land described in his petition, for payment of the balance of the purchase-money. In other words, whether accepting personal security is, of itself, such conclusive evidence of a waiver of lien as estops the vendor from showing by parol that a vendor's lien was, in fact, contracted for, and intended to be retained, and that the personal security was only voluntary on the part of the sureties, and was not given or accepted in lieu of the lien.

If not estopped, as between the original parties, there can be no difficulty in applying the law to the facts in this case, because the allegations and proof abundantly show that all parties claiming an interest in the land had express notice of the lien, and that the purchase-money had not been paid, and was claimed as a lien.

The vendor's lien is not an estate in land, nor is it a charge

on the land, but it is an equity between the parties and their privies in law or estate, to be resorted to on failure to pay the purchase-money. It is generally considered to be a personal privilege in the vendor. (Perry on Trusts, sec. 238, and authorities.) It is an implied lien or personal privilege in the vendor, which need not be in writing, but which a court of equity will enforce against the land as a remedy, in absence of any facts going to show that the parties intended to waive it; and this intention is a question of fact, to be determined by the jury upon the proof. (Perry on Trusts, sec. 236.)

The lien or privilege need not be in writing, nor need be the waiver. The lien may be part of the contract of sale, or it may be only an implication of law, arising from the fact of sale, in absence of proof showing a waiver, or such facts as will raise the presumption that it was intended thereby to waive the lien. It, not being an estate or interest in the land, may be said, properly, to be one of the vendor's remedies for the purchase-money; and, like all other remedies, need not be incorporated in the written contract for sale. If it was intended by the parties to be waived, this may be shown by any facts or circumstances that will satisfy the mind of the jury that such was their intention. This was shown by parol in Brown *v.* Christie, 35 Tex., 690. If, on the other hand, the vendor has taken personal security, or done any other act from which the law will presume a waiver, then the fact that he relied as well upon his lien as upon the other security, or that it was the intention of the parties that he should have his vendor's lien as well as his other security, may be shown by the acts and declarations of the parties, or by any facts or circumstances that will satisfy the jury that such was the intention of the parties. (1 Lead. Cases in Eq., 273; 2 Humph., 248; 3 Id., 616; 3 Kelly, 333; 6 Grat., 44; Cordova *v.* Hood, 17 Wall., 1,—a case from this State; Ellis *v.* Singletary, 45 Tex., 27; Faver *v.* Robinson, 46 Tex., 206.)

In the case at bar, the plaintiff admits that personal security was taken, but avers that the vendor's lien was also contracted for, retained, and relied on as well. In other words, that the personal security was in addition to the vendor's lien; and the testimony shows it. In this respect, it differs from Parker County *v.* Sewell, 24 Tex., 238, where it was held, that taking personal security where it does not appear that the vendor reposed as well upon his lien as upon such security, will be deemed a waiver of the lien. In that case, the court, in the concluding part of the opinion, employs this significant language: "Parker county took a note, with two persons as securities, and there is nothing in the case to show any intention to repose upon the vendor's lien as well as upon the other security." "It is, therefore, (*i. e.*, because such intention did not appear,) plain, upon the authorities, that the lien was extinguished." So in all the cases cited by the court in Parker county opinion. They were decided upon the legal presumption of waiver, without allegation or proof being offered to repel the legal presumption arising from the fact of taking other security.

Roberts, Chief Justice.—There are forty-five grounds of error assigned in this case, presenting all the questions that arose upon the trial in the District Court. The record, contained in 214 pages, presents the case for adjudication, upon all of the matters involved in it, the same as it was presented in the court below. The effect of the appeal, under such circumstances, is simply to transfer the case from one court to the other for retrial upon all contested points, without any responsibility being assumed by counsel of selecting and presenting any particular questions of law or of fact for adjudication in this court. To present the views of the court upon each and all of the errors assigned separately, would require a voluminous opinion, disproportioned to the importance of the questions raised by most of them. The necessity is, therefore, devolved upon this court of selecting and present-

ing such questions as are deemed important to be considered, in determining whether or not the judgment should be reversed.

First, then, as to the correctness of the charge, which, upon the leading point in the case, was, in substance, that though taking a note in payment for the land, with sureties thereon, raised a presumption of a waiver of the vendor's lien, still that presumption might be rebutted by proof that the vendor relied upon the land as well as upon the security given for the payment of the purchase-money. This is in accordance with the decisions of this court. (Ellis *v.* Singletary, 45 Tex., 27; Faver *v.* Robinson, 46 Tex., 206.) The pleading and evidence were sufficient to sustain the verdict of the jury, in favor of the plaintiff below, under this charge.

The next question is,—Did Willis & Bro. have notice of this lien at the time their judgment was rendered? there being no doubt as to actual notice having been given to them on the day of sale, under their own execution, when they purchased the land.

The deed from Brooks to G. A. Matthews reads as follows, to wit: "Know all men by these presents, that we, Uri Brooks and Sarah Brooks, wife of said Uri, of the State and county aforesaid, for and in consideration of $2,700 secured to be paid to us by George A. Matthews, the receipt of which is hereby acknowledged, have granted," &c. This deed was executed and recorded in 1859, long before the attachment and judgment in favor of Willis & Bro. against L. L. Matthews, to whom the land was sold by G. A. Matthews in 1865; and who, it is averred and proved, had personal notice of the claim of vendor's lien given by Gay, administrator of Brooks' estate, at the time of his said purchase in 1865.

It is well established, that if a fact is recited in a deed, through which a party claims title to land, he is held to have notice of that fact. Willis & Bro. claim title to the land under this deed from Brooks and wife to G. A. Matthews. And it being recorded would also give them notice. The

recital in this deed, that the consideration was "secured to be paid to us by George A. Matthews," clearly conveyed the intelligence, to any one who might inspect it, that the money was not paid down for the land, and that it was secured by said Matthews, to be paid at some future time. Though this does not amount to an express contract retaining a lien upon land, for the want of appropriate terms, yet it is the recital of a fact which was well calculated to put a subsequent purchaser upon inquiry, which, if followed up in the right direction, would, as shown by the proof, readily and certainly have led to full notice that the purchase-money had not been paid to Brooks, or to Gay, the administrator of the estate. That is sufficient to charge Willis & Bro. with notice of the lien. (Johnson *v.* Gwathmey, 4 Litt., (Ky.,) 317.)

Again, Willis & Bro. pleaded, in defense of the action on the note, in order to defeat the operation of the lien to their prejudice, that Jones, one of the sureties on the note from George A. Matthews to Brooks, had and owned, at and before the institution of this suit, allowed claims against Brooks' estate to an amount larger than the debt sued on, by which it was extinguished, the estate of said Brooks being solvent. The evidence admitted to go before the jury failed to establish these facts. Gay, in giving his testimony, admitted that he had agreed to receive in payment any of such allowed claims, and was still willing to do so; and that Jones had paid several hundred dollars in that way, which amount was credited on the note. In order to establish the facts of this plea, Willis & Bro. offered the testimony of Dr. Irion, to the effect that he had heard said Jones say that he had bought up claims against the estate of said Brooks, deceased, to put as a credit on the note sued on; to the exclusion of which, by the court, they excepted, which appears in a bill of exceptions in the record. This was an effort to prove the admission of a fact, stated by a defendant in the suit, made in favor of his own interest, the tendency of which was to defeat the plaintiff's claim, that was sued on as against Jones, and

consequently to defeat the operation of the vendor's lien as against Willis & Bro., by the extinguishment of the debt secured by said lien. This was certainly not permissible, and the court did not err in excluding such evidence.

These are the questions which related to the defense of Willis & Bro., in a manner to require any discussion; and as the other defendants have not appealed, it is unnecessary to refer to any question relating to them.

JUDGMENT AFFIRMED.