JOHN H. ROBERTSON AND W. T. McAFEE v. NAT GUERIN.

1. FRAUD AS A DEFENSE AGAINST A NOTE FOR LAND.—Testimony in defense, in a suit on a promissory note given for lands, showing fraudulent representations by the vendor, are admissible against a holder of such note with notice of such fraud.
2. RECITALS.—Recitals in a deed are notice of the facts recited to all persons holding title under such deed.
3. SAME—VENDOR'S LIEN—CHANGE OF SECURITY.—Although the unpaid balance recited as existing, afterwards assumed a different shape, a new note being given therefor to a different party, yet the rule is well settled that the lien and the notice thereof are unaffected by the change.
4. PURCHASE-MONEY NOTES.—The several purchase-money notes for the same tract of land and in the hands of different parties have equal rights to satisfaction out of the land.
5. SAME—PRACTICE.—The holder of one of several purchase-money notes takes no advantage, by foreclosure of the vendor's lien, as against the right of the holder of the other notes for foreclosure *pro rata* against the land.

APPEAL from Rusk. Tried below before the Hon. A. J. Booty.

November 19, 1869, R. A. Andrews and wife conveyed a tract of land to John H. Robertson, with warranty of title. The deed recites the consideration to be $650 in gold and a note for $650, due December 25, 1871, bearing interest at ten per cent. from date. For this note others were substituted—two payable to L. Elliott and one to the appellee—by Robertson, at the request of Andrews. For this last note, when due, Robertson substituted the note on which this suit

was brought, bearing date February 24, 1871, due one day after date, with twelve per cent. interest, for $344.37. This note recites that it was given for the land conveyed by Andrews and wife to Robertson.

The appellee sued the appellant on the last-mentioned note, alleged it was given for part of the purchase-money of the land conveyed by Andrews and wife to the appellee, giving the metes and bounds of the land, and prayed for judgment on the notes and to enforce the vendor's lien.

Appellant answered by general demurrer and general·denial, substantially, that he gave the note sued on for the land mentioned in plaintiff's petition to Andrews; that before his purchase Andrews showed him about forty acres of land, which constituted part of the land contracted for, which forty acres were well timbered and worth ten dollars per acre, and situated several hundred yards north of the north line of the land conveyed to him by said Andrews; that said forty acres, and other eight acres described in a deed attached to his answer, were the main inducement for the defendant to make the purchase; that he relied on the statement of said Andrews that said forty acres and eight acres were to be included in the deed from Andrews and wife to him; that said two tracts are not so included; that Andrews made said statement with the intent to defraud defendant; that, confiding in said Andrews, defendant executed the note sued on, and other notes, all amounting to $1,300, all of which, except the one sued on, have been paid; that plaintiff knew all these facts when he obtained the note sued on; that he and Andrews joined in said fraud; that Andrews owns the note; that defendant was ignorant of said frauds when he executed said notes, and said Andrews at the time of said purchase did not own said forty and eight acres.

September 4, 1873, defendant again amended, repeating the former amendment, and adding that the note here sued on was substituted for one given by the defendant at the date of the deed from Andrews and wife to him; that when he

executed to the plaintiff the substituted note he informed the plaintiff that he would not pay that note until he got the land he had contracted for.

The defendant offered to prove the truth of his allegations in both his amended answers. The defendant objected, on the ground that it would contradict the note and would be adding by parol a condition to a written contract. The objection was sustained.

L. Elliott, in 1871, recovered a judgment against Robertson on the other purchase-money notes, and enforcing the vendor's lien. Purchasers under this decree intervened and claimed title as innocent purchasers of the land, and that it was not liable for plaintiff's note.

January 12, 1878, judgment for plaintiff for $581.12 and enforcing vendor's lien.

Motion for new trial by defendant and intervenors was overruled. Robertson appealed. McAfee prosecuted error.

*James H. Jones* and *Martin Casey*, for appellee.

I. Neither the statement of facts nor the bills of exceptions show any objection to the proof of the substitution of the note sued on for another. But if objection had been made, then it was cured by the allegation in the answer. ( Hill *v.* George, 5 Tex., 87.)

The defendant alleges that the note sued on was substituted for another.

II. A party defrauded may, by his subsequent acts, with full knowledge of the fraud, deprive himself of all right to relief, as well in equity as at law. (1 Story's Eq. Jur., sec. 203*a.*)

III. Parol evidence cannot be received to vary a written contract. (Wells *v.* Groesbeck, 22 Tex., 429; Greenl. on Ev., sec. 268.)

Where there is no proof to the contrary, a negotiable instrument in the hands of a third person will be presumed

to have been transferred before maturity; (Smith *v.* Clopton, 4 Tex., 109;) and if the holder obtained it before maturity without notice of any defense, he will not be affected with equities between the parties to the instrument.

The note sued on is payable to bearer. The note for which it was substituted was dated, with deed of Andrews and wife to Robertson, Nov. 19, 1869, and was due December 25, 1871. There is no allegation in the pleadings that it was not negotiable.

*N. G. Bagley,* for appellant, cited Mims *v.* Mitchell, 1 Tex., 443; Cowan *v.* Ross, 28 Tex., 227; Mitchell *v.* Zimmerman, 4 Tex., 82; Walling *v.* Kinnard, 10 Tex., 511; Copeland *v.* Gorman, 19 Tex., 256; Sugd. on Vend., 291; 2 Story's Eq. Jur., sec. 779; Diamond *v.* Harris, 33 Tex., 636; State *v.* White, 25 Tex. Supp., 610; McNeally *v.* Stroud, 22 Tex., 229; Texas *v.* White, 7 Wall., 735.

*Drury Field,* for McAfee, plaintiff in error, insisted that the court erred in its charge as to the recitals in the deed from Andrews and wife to Robertson, and as to their effect upon the rights of the intervenors. If intervenors bought the land under a judgment having equities equal in dignity to the claim of plaintiff below, and without notice of his lien, they will be protected. (Taylor *v.* Harrison, 47 Tex., 454; Wright *v.* Lancaster, 48 Tex., 250; Looney *v.* Adamson, 48 Tex., 619.)

GOULD, ASSOCIATE JUSTICE. — This litigation was commenced July 17, 1871, when Nat Guerin brought suit against John H. Robertson on his promissory note, dated February 24, 1871, for $344.37 gold, with twelve per cent. interest, payable one day after date to said Guerin or bearer, and reciting that it is given in part payment of the homestead of R. A. Andrews. The petition claimed a vendor's lien on two hundred and eighteen acres of land conveyed

by Andrews and wife to Robertson on November 19, 1869, by deed, with warranty, the consideration expressed being "$650 in gold to us in hand paid by John Robertson and one note, payable on the 25th of December, 1870, for $650 in gold, bearing ten per cent. interest from date." At the time of the sale Andrews was indebted to one Elliott, and procured Robertson to make his notes to Elliott directly for the amount of that indebtedness, and took Robertson's note to himself for the balance of the unpaid purchase-money. This last note Andrews transferred to Guerin, and, at Andrews' request, Robertson substituted the note sued on in lieu of the original.

In April, 1871, Elliott recovered a judgment against Robertson on the notes payable to him, enforcing also a vendor's lien on the two hundred and eighteen acres of land sold by Andrews and wife to Robertson, and, at a sale under said judgment, on July 4, 1871, McAfee became the purchaser of part of the land, and Tinsley, Oliver, and Still became joint purchasers of the balance. In August following McAfee and the other purchasers intervened in the suit by Guerin against Robertson, claiming that they had bought and paid for the land without notice of any lien thereon, and that it was not liable in their hands to be sold to satisfy Guerin's note. They prayed to be quieted in their title, and for "all the relief that they are entitled to from the facts, in law or equity." In the meantime Robertson was resisting the suit on the ground of fraud and misrepresentation by Andrews as to the land actually embraced in the deed, showing him false boundaries, &c., and charging also that Guerin knew and participated in the fraud.

There were numerous amendments, but the case was tried in January, 1878, on pleadings which substantially present these issues, and resulted in a judgment against Robertson for the amount of the note, with interest at ten per cent., decreeing the sale of the land for the satisfaction of this judgment and costs, and that any excess of the proceeds be

paid to Robertson. It was also adjudged that the intervenors take nothing by their plea of intervention, and that they pay the costs thereof. Robertson has brought the case to this court by appeal and McAfee by writ of error.

It appears by bill of exceptions that Robertson offered evidence to establish that Andrews knew the true boundary of the land, but showed him a different line, which would include thirty-four acres of very valuable land not really in the tract conveyed; that he purchased relying on Andrews, and mainly induced by his belief that the thirty-four acres were included. This testimony was excluded by the court, the objection thereto, as stated in the bill of exceptions, being " that it would contradict the note by parol and make it conditional, and vary it by parol." Appellee supports the action of the court by citing the familiar rule that parol evidence cannot be admitted to vary a written contract, but has failed to show how that rule is infringed by admitting parol evidence of fraud and misrepresentation in procuring a contract. He also claims that the defendant had knowledge of the fraud when he gave the new note, and was precluded from setting it up. Whether he had such knowledge as to estop him, was a question involving an issue of fact, mainly depending on the testimony excluded, and the exclusion cannot be justified by assuming without authority that issue to be settled against defendant. Nor is it any sufficient answer to this error to assume that Guerin acquired the original note before maturity and without notice.

The evidence was not objected to or excluded on any such ground, and, looking at the evidence excluded and the evidence of Andrews, we cannot say that it so clearly appears that Guerin had no notice when he acquired the first note, that the exclusion becomes immaterial.

Our opinion is that the court erred in excluding the evidence on the objection taken to it, and that for this error the judgment must, as to the appellant Robertson, be reversed.

The main contest between the plaintiff and the intervenors

on the trial, was as to whether they had notice of Guerin's lien. The charge of the court correctly assumed that the recitals in the deed from Andrews and wife to Robertson, under which all the parties claimed, were sufficient notice, although that deed may not have been properly recorded, it appearing from those recitals that a part of the purchase-money was unpaid when the deed was made. (Willis *v.* Gay, 48 Tex., 463; Peters *v.* Clements, 46 Tex., 123; Cordova *v.* Hood, 17 Wall., 1; 1 Hilliard on Mort., 475, 476, secs. 31–33; Thornton *v.* Knox, 6 B. Monr., 74; Woodward *v.* Woodward, 7 B. Monr., 116.)

Although the unpaid balance afterwards assumed a different shape, a new note being given therefor to a different party, yet the rule is well settled that the lien and the notice thereof are unaffected by the change. (17 Wall., *supra;* Ellis *v.* Singletary, 45 Tex., 27; Wright *v.* Wooters, 46 Tex., 383; Anthony *v.* Smith, 9 Humph., 508.)

But if the intervenors had notice of Guerin's lien, he, for the same reason, had notice of Elliott's lien. The evidence clearly establishes that these notes were all secured by a lien on the same land, and it fails to show that Guerin's note was entitled to any preference over the others. Indeed, it appears that Andrews' original indebtedness to Elliott, in lieu of which he caused Robertson to execute the notes to Elliott, was probably for an unpaid balance which he (Andrews) owed on this very land. No question, however, is made on that ground. As presented to us, the case is one of two purchase-money notes, in the hands of different parties, having equal rights to their satisfaction out of the land. Elliott, by suing and procuring a foreclosure without making Guerin a party, did not secure a preference over Guerin; nor did the purchasers at the foreclosure sale, any further than that by virtue of their purchase of Robertson's title and equity of redemption they may pay off the Guerin claim and thereby hold the land. (McDonough *v.* Cross, 40 Tex., 251; Del-

espine *v.* Campbell, 45 Tex., 628; Ellis *v.* Singletary, 45 Tex., 27; Wright *v.* Wooters, 46 Tex., 383.)

If they do not see fit to do this, then Guerin would have a similar right to pay off the Elliott debt, as if never satisfied, and then to have the land sold for whatever claim he may ultimately establish.

The plaintiff was clearly not entitled to the judgment given him. The facts stated and established by the intervenors constituted a valid answer to plaintiff's claim to have the land sold regardless of their rights. Neither party seems to have recognized any rights in the other, or to have made any effort to have their respective equities adjusted. If Guerin succeeds in obtaining judgment against Robertson on his note, and if neither the intervenors nor Guerin proposes to redeem, the court should ascertain the amounts of their respective claims, have the land again sold and the proceeds applied to the payment thereof *pro rata,* the surplus, if any, to be paid to the intervenors, who by their purchase have the legal title thereto, instead of Robertson.

We have thought it proper to indicate our views of the equities of the parties as the case is presented to us, in the hope of thereby facilitating its disposition. It may be, however, that the facts bearing on these equities have not all been developed. It is enough for the disposition of the case that the judgment as rendered is manifestly erroneous, both as to appellant Robertson and as to the intervenors.

The judgment is accordingly reversed and the cause remanded.

                              REVERSED AND REMANDED.