[Opinion delivered May 31, 1880.]

J. L. DEAN, EX'R, v. THOS. M. HUDSON ET AL.

(Case No. 3033.)

1. VENDOR'S LIEN.— Where a note is given for part of the purchase price for land, it has a valid lien thereon to secure its payment. It is said to be a natural equity that the land shall stand charged with so much of the purchase money as remains unpaid. Flanagan v. Cushman, 48 Tex., 244.

2. NOTICE — RECITALS IN DEED. — Where the note is recited in the deed all persons claiming under the vendee are chargeable with notice of it. They are bound to know whatever facts are recited in the conveyances which form a part of their chain of title. Willis *v.* Gay, 48 Tex., 463.

3. VENDOR'S LIEN — WAIVER — BURDEN OF PROOF. — It is not evidence of a waiver of the vendor's lien that the conveyance recites that the note was received as cash, especially if it is described in the deed as due one day after date. The burden of proof is upon the party asserting a waiver, to show that the vendor's lien has been waived. Irvin *v.* Garner, 50 Tex., 54.

4. TAKING NEW NOTE — ADDITIONAL SECURITY — NOT WAIVER OF VENDOR'S LIEN. — Where the purchase money is unpaid, giving a new note by the debtor to the vendor in renewal of the purchase money note, or giving a note to a third party, including therein interest on the old note, and commissions for advancing the money to take it up, or additional security taken subsequently, or a mortgage, or a mere change in the form of the security to secure it, will not of itself divest the lien unless so intended. Ellis *v.* Singletary, 45 Tex., 27.

5. PURCHASE MONEY NOTE ONLY EVIDENCE OF THE DEBT — VENDOR'S LIEN THE SECURITY FOR ITS PAYMENT. — The vendor's lien is a security for the debt of which a purchase money note is the evidence, and it subsists until the debt is paid, or the lien discharged by a valid agreement therefor. Robertson *v.* Guerin, 50 Tex., 317.

6. DIFFERENT HOLDERS OF PURCHASE MONEY NOTES ON SAME LAND HAVE EQUAL RIGHTS. — Where several notes given for the purchase money of the same land are in the hands of different parties, they have equal rights to satisfaction out of the land, and the holder of the last note due is not precluded from enforcing his lien against the land by a foreclosure and sale in a proceeding to which he was not a party, brought by the holder of the note which was the first to mature. McDonough *v.* Cross, 40 Tex., 251; Delespine *v.* Campbell, 45 Tex., 628.

APPEAL from Burleson. Tried below before the Hon. A. S. Broaddus.

This suit was instituted by R. W. Dean against the widow and children, as sole heirs, of one Parnell, deceased, representing that he held a note made by Parnell to one Matthews for part of the purchase money of a tract of one hundred and fifty-six acres of land sold by Matthews to Parnell; that the said Parnell left no property but exempt property; that Matthews indorsed the note to him, and praying a foreclosure of the vendor's lien upon the land for

the payment of the note. No personal judgment against the defendants is asked. The defendants answered the general denial and pleading payment. The plaintiff dying, his executor, James L. Dean, was made party plaintiff.

Special guardians were duly appointed for the minor defendants.

The widow Parnell marrying again, her husband, Sylvan Morris, was made party defendant with her. In an amended petition plaintiff set up that, for the purchase money of the land, Parnell executed two notes to Matthews, both of which were secured by a lien on the land; that Thomas F. Hudson is the owner of the second note, and sued upon it, and recovered judgment upon it and a decree for the foreclosure of the vendor's lien; that Hudson had notice of plaintiff's note, and that it is entitled to a priority of payment.

Hudson being made party answered that the note sued on was paid; that Dean had waived his lien upon the land; that he had advanced to Matthews the money for Parnell to pay the note, and charged it in his account with Parnell, and on settlement took a new note from Parnell for a large amount in full of his debt, and that this last note was paid; that the money advanced to Matthews was an advance on Parnell's cotton crop, and was paid out of the sale of it; that he, Hudson, at a sale under the judgment and foreclosure in his suit, had purchased the land, was now the owner of it, and denied that he had any notice of plaintiff's lien.

The cause was submitted to the judge for trial, a jury being waived, and judgment was rendered for the defendants, from which the plaintiff appealed.

A bill of exceptions was taken to the action of the court in rendering judgment for the defendants, and is signed by the judge.

It recites: ".It appearing to the court, after hearing all the evidence, that the note sued on is a valid outstanding claim and vendor's lien against the land; that the same was never paid except as to the credits indorsed on it, and that plaintiff would be entitled to a foreclosure of his vendor's

lien but for the judgment in favor of Hudson and the sale thereunder, in the opinion of the court the plaintiff is concluded by that judgment and sale in favor of Hudson, notwithstanding plaintiff nor his intestate was party to said suit."

The plaintiff assigns for error that the court rendered judgment against plaintiff after finding the facts in his favor.

Upon the trial the material facts proven were as follows:

The plaintiff read the note sued on as follows:

" $500.

" One day after date I promise to pay William Matthews five hundred dollars in American gold coin for value received, it being for a tract of one hundred and fifty-six acres of land out of the Francisco Ruiz league of land, on Davidson's creek, in Burleson county, this the 27th September, 1869.                                        J. H. Parnell.

"Indorsed on the back: Interest paid to March 3, 1870. Cr. by cash, March 20, '72, $189.19.          R. W. Dean.

" Wm. Matthews."

The plaintiff read in evidence the deed from Matthews to Parnell for the land dated 27th September, 1869.    The consideration recited in it is $1,000 " to me paid, the receipt of which is acknowledged in the following way and manner: by his promissory note for $500 as cash down, bearing even date with this deed of conveyance, and due one day after date, and his other promissory note for the further sum of $5, bearing even date with this deed of conveyance, due and payable on the 25th day of December, 1870, drawing ten per cent. interest from date per annum until paid."

The defendant read in evidence the judgment, in the suit of Hudson v. Parnell, by default rendered December 8, 1873, for the sum of $388.01, and decree of foreclosure of the vendor's lien upon the land in controversy upon the note dated 27th December, 1869.

Under this judgment Hudson purchased the land on the —— March, 1874.

Rust, a witness for the defendant, testified that he was

present when Dean paid Matthews for the note sued on, and that it was understood by Dean and Parnell that Dean should hold the note as a lien on the homestead.

In Dean's mercantile books, kept by witness, in the account of Parnell, is debited "Cash paid Matthews, $500. Two and one-half per cent. for advancing, entered 23d December, 1869," and a credit "By note in full, $684.56, March 3, 1870."

Dean's account with Parnell was also shown, which showed this balance, closed by note of March 3, R. W. Dean. The note for $684.56 was introduced, upon which is indorsed "Cr., by your note $500 executed to Wm. Matthews, 27th September, 1869."

Paid from proceeds of cotton sold March 20, 1872.

McIver, for the plaintiff, testified to statements of Parnell in the fall of 1871 that he owed Dean upon his land more than he could pay that year, besides an account.

The above is the substance of the proof.

*Sayles & Bassett* and *De Wit C. Booth*, for appellant.

*J. D. Thomas*, for appellees.

QUINAN, J.— Upon the statement already given, which embraces the material facts developed by the trial, in a condensed form, we are of opinion —

1. That the note upon which the suit was brought having been given for part of the purchase money of the land mentioned in it, had a valid vendor's lien thereon to secure its payment. "It is said to be a natural equity that the land shall stand charged with so much of the purchase money as remains unpaid." Flanagan *v.* Cushman, 48 Tex., 244.

2. This note being recited in the deed for the land from Matthews to Parnell, all persons claiming under Parnell are chargeable with notice of it. They are bound to know whatever facts are recited in the conveyances which form a part of their chain of title. Wood on Notice, 134; Willis *v.* Gay, 48 Tex., 463.

3. It was not evidence of a waiver of the lien that the

conveyance recited that the note was received as cash down. It described the note particularly as due one day after date, and conveyed direct information that in point of fact the payment then had not been made. And the note itself recites the consideration. These facts show that it was not intended that the lien should be released. It attached to the note as a matter of course, and the burden of proof was upon the defendants to show that it had been expressly or impliedly waived. Irvin v. Garner, 50 Tex., 54.

4. The transfer of this note by Matthews to Dean carried with it the security for its payment. Flanagan v. Cushman, 48 Tex., 244; Cordova v. Hood, 17 Wall., 1. There is nothing in the circumstances of that transaction to support the appellee's proposition, that the payment by Dean to Matthews of the $500 was intended as a payment of the note and discharge of the lien. On the contrary, the facts are all the other way. The note was indorsed and delivered to Dean by Matthews. It was the money of Dean which was paid to Matthews, and the note did not pass into the possession of Parnell at any time, but was retained by Dean as a lien upon the land, and so understood by Dean and Parnell at the time. Nor does it prove that the lien of the note was waived or intended to be waived; that Dean took it up at Parnell's request, or that Parnell was to pay commission for Dean's advancing the money to Matthews, or that Dean in his mercantile books charged up the amount in Parnell's account, or that he ever took a new note, including the amount with interest and commission, upon which this note is indorsed as a credit.

The manner in which Dean kept his books, showing the state of his account with Parnell — his charging this note in that account with other items, or taking a larger note, in which the amount of money paid Matthews is included with other sums — are circumstances of little significance to prove an agreement to release so large a benefit as this lien for the purchase money on the land. The controlling fact still remains, that Matthews indorsed the note to Dean, who continued to hold it; that Parnell continued to recognize it as

a debt and lien upon his land; that both parties so under-
stood it; that the purchase money remained unpaid.

So it has often been held that a new note given in re-
newal of the purchase money note, or additional security
taken subsequently, or a mortgage or a mere change of the
form of the security to secure it, will not, of itself, divest
the lien unless so intended. Irwin v. Garner, 50 Tex., 54;
Ellis v. Singletary, 45 Tex., 27. The lien is a security for
the purchase money. It is not merely a security for the
note, but for the debt, of which the note is merely the evi-
dence. Cushman v. Flanagan, 48 Tex., 245. And it subsists
until the debt is paid, or the lien discharged by a valid agree-
ment therefor. Robertson v. Guerin, 50 Tex., 317.

Nor was the right of the plaintiff to enforce the lien
periled; nor was he precluded from asserting it by the
judgment and sale had in the proceedings by Hudson in his
suit upon the second note given for the purchase money of
the same land. Not being a party to that suit, it is very
clear he was in no way affected by it. McDonough v. Cross,
40 Tex., 251; Delespine v. Campbell, 45 Tex., 628; Robert-
son v. Guerin, 50 Tex., 324.

The judgment of the district court was therefore erro-
neous. We concur in the findings of the judge as to the
facts, but in his views of the law we do not concur. Both
parties seem to have formed erroneous views of their rights,
the plaintiff insisting that as the note upon which he sues
first became due he has the prior right, and Hudson, that
by his diligence in first obtaining judgment and enforcing
his lien he has acquired a priority. The law is now settled
otherwise. The several notes given for the purchase money
of the same land in the hands of different parties have equal
rights to satisfaction out of the land. Robertson v. Guerin,
50 Tex., 324; Delespine v. Campbell, 45 Tex., 628; Ellis v.
Singletary, 45 Tex., 27.

Dean and Hudson are entitled to share *pro rata* in the pro-
ceeds of the sale of it on foreclosure.

As this suit has been pending for so great a length of

time, and it is fit there should be an end of litigation, and as the cause was submitted to the judge below upon the law and facts, and as all the necessary proofs and the proper parties are made in the case, there is no propriety in sending the case back for another trial, but such judgment should be rendered here as ought to have been rendered in the court below.

We conclude, therefore, that the judgment be reversed, and rendered in accordance with this opinion.

That the note upon which this suit is brought is a valid lien upon the land described in the petition, and that the plaintiff is entitled to have satisfaction of the same out of the said land.

The amount due upon said note is the sum of $391.36, with interest at the rate of eight per cent. per annum from March 20, 1872.

There is also due upon the second note for the purchase money of the same land held by the defendant Hudson, and upon which he recovered judgment, and an order of sale, under which he purchased the land, and holds the legal title to the same, the sum of $388.01, with interest at the rate of ten per cent. per annum from the date of the rendition of the judgment, December 8, 1873, and this also is a valid lien upon the land, and Hudson entitled to have satisfaction of the same out of said land.

Hudson having purchased the land, and the legal title to the same being in him, is entitled to redeem the same, and time will be given him until the 1st day of November next to pay to plaintiff the full amount of his note and interest as aforesaid, and the costs of this suit.

If Hudson fails so to do, then that the lien upon the said land be foreclosed, and that he be forever barred of any equity of redemption therein; and an order of sale will issue to the sheriff of —— county to sell the land as under execution, and out of the proceeds of the sale to satisfy and pay off the debt to plaintiff, if the same shall be enough to satisfy the debt of plaintiff and Hudson both, and if not, to divide

the proceeds *pro rata* between them.    If the proceeds should be more than sufficient to satisfy the claims of plaintiff and Hudson, the excess, after the payment of plaintiff's claim, to be paid to Hudson.    The costs to be paid by Hudson.

And we so award.

REVERSED AND RENDERED.