STELL, ADMINISTRATOR, ET AL. v. LEWIS & DILWORTH.

(No. 666.)

PRIORITY of notes secured by vendor's lien. Costs of administration not payable before distribution.

APPEAL from Gonzales county. Opinion by WALKER, J.

OPINION.— The first proposition answers the third in the construction placed upon it by the court. It is: Did the law and facts authorize the court to adjudge a preference in favor of the subdivision of the $1,500 note over that for $1,000? Being secured by vendor's lien upon the same land, because the $1,500 note was subdivided into several smaller notes owned by the party owning the original note, the lien of the $1,500 note was not lost by such subdivision. 45 Tex., 27. The notes were both for the purchase money of the same land, and were, therefore, of the same class or degree, and all the claims were duly presented and allowed within a year after granting the letters of administration, and no doubts or reasons appear in the record to raise any doubt as to their equality in respect to paying them *pro rata*, without preference to any special one. 49 Tex., 358; 50 Tex., 317; 45 Tex., 629; 55 Tex., 243; 55 Tex., 563; 58 Tex., 12. Notes secured by vendor's lien are equal, and the one maturing first has no priority over others. 49 Tex., 358; 55 Tex., 24. The court erred in its conclusion.

It was error for the court to subject the proceeds of the

sale of the land to paying the administration costs first before distribution. The fund obtained should be applied first before distribution only with the legitimate costs of the proceeding (the sale) by which the fund was realized. A provision for the payment of the costs of administration is made otherwise. It depends entirely upon the condition of the estate to determine under what circumstances the fund available might be property to be used in satisfying expenses of the administration.

REVERSED AND REMANDED.