## J. R. PUGH vs. MILTON MAYS.

SUPREME COURT, TYLER TERM, 1883.

*Exchange of lands—Election—Warranty.* See this case for stipulations in mutual deeds in exchange of lands that controls the superadded warranty clause, as would give the party ousted the right of election to re-enter upon the land, or to rely upon the warranty.

A re-entry upon the land, under such election, would not constitute a breach of the warranty contained in such party's deed.

Appeal from Brown County.

*G. J. Goodwyn* for appellant.

No counsel for appellee.

### STATEMENT.

On November 8th, 1879, Pugh brought this action of trespass to try title against Wren and Lee, to recover the land described in the petition.

On the 30th day of August, 1878, Pugh and Lee exchanged lands,

each executing to the other his deed, containing stipulations as follows : "And it is agreed and understod that if said J. R. Pugh, his heirs and assigners should be ousted from possession of said land above described, then this deed and everything contained in it shall be utterly void and of no effect, and then and thenceforth it shall be lawful for the party or parties so ousted or evicted, *title*, his or their said former messuage or tenements and premises with all and singular the appurtenances to returnand the same to have, repossess and enjoy as his or their former estate anything herein to the contrary." The stipulations were alike in the two deeds except the names of the grantor and grantee were reversed. The covenant of general warranty was given after the above stipulation in said deeds. Both deeds bore date of August 30th, 1878, and filed for record the same day.

One Henry Urguhart filed suit in the U. S. circuit court at Austin on the 29th day of August, 1878, against Lee and Gilliland to recover a tract of land including that conveyed by Lee to Pugh. This suit resulted in a judgment against Lee and Gilliland for the land on the 10th day of January, 1879, under which Pugh was evicted by the United States Marshal on the 29th day of September 1879.

On the 9th day of August, 1879, Lee conveyed to Mays by warranty deed the land conveyed to him by Pugh. Mays intervened in this suit, after Lee and Wren had filed disclaimer, and in his answer set up his purchase from Lee, and asserted Pugh's covenant of warranty as an estoppel, and asserted title by virtue thereof by way of reconvention.

The case was tried without a jury, before special judge, A. R. Coleman, August 12th, 1880, and judgment was rendered for Mays for the land, from which this appeal was taken.

The material question presented by the assignment of errors is as to the covenant of warranty in Pugh's deed to Lee.

Opinion by Watts, J.

There seems to be no doubt but that the real transaction between Pugh and Lee, was that of an exchange of lands. If not technically such by reason of the nature of the transaction, it was substantially made such by virtue of the stipulations in their respective deeds.

These stipulations are to the effect that if the grantee is ousted or evicted from the land conveyed to him, that then hrs deed to the

grantor is to be considered as utterly null and void, and he has the right of re-entry. Standing alone, these stipulations admit of no doubt as to their effect or meaning. But the doubt arises from the fact that in the respective deeds of the parties, there is superadded a clause of general warranty. That clause was successfully asserted against Pugh in the court befow as an estoppel.

The general rule for construing deeds is that announced in Hancock vs. Butler, 21 Tex. 804, as elementary, and applicable alike to written instruments generally, and that is, every part of a deed should be harmonized and given effect to, if this can be done, but if it is found that there is in the instrument inherent conflict of intentions, then the main intention, the object of the grant being considered, shall have controling influence.

In discussing the effect of the covenant of warranty in connection with the nature of the transaction and terms of the deed, Mr. Washburn in his work on real property Vol. 3, p. 475, says : "So the extent of the covenant of warranty is often limited and defined by the subject matter of the grant." In Grimes and wife vs. Redmon, 14 Ky. (B. Monroe) 234, which was an exchange of land, the parties had added, immediately following the clause of general warranty, in their respective deeds the following : "And it is moreover expressly agreed and understood by the parties hereto, that if the land hereby conveyed or any part thereof, should be lost by any prior or better claim, that then, and in that case, the land given in exchange for that which is hereby conveyed shall be returned and reconveyed to the said grantor, or so much thereof as will comnensate said loss, quantity for quantity."

There the court held that according to the law applicable to an exchange of land, independently of the express contract, either party had a right in case of eviction or ouster from the land received, to re-enter upon the land given, and that such re-enty gave title. It was also held that in such case the party was not estopped, on account of the warranty. The court said : "But the question here is not whether Bates had a legal right of entry upon being evicted, but whether he was any longer bound to warrant the land given in exchange, and so we are of the opinion that, whether the eviction gave him a legal right of entry upon the land conveyed to Sweltzer or not, it extinguished his obligation to warrant that land against other claims, and from any estoppel growing out of his warranty."

In the case before us, the deeds of the parties to the exchange must be taken and considered together, for they are parts of the same transaction which taken together evidences the contract of the parties. Thus considered it seems to result, that from the stipulations contained in their respective deeds, as to the right of re-entry in case of the ouster of one or the other of the parties, that it was their paramount and controling intention that these stipulations in-. dependently of the law applicable to an exchange of land, should so far restrain all the other stipulations in the respective deeds, as to give the ousted party the right to elect, whether he would re-enter upon the land that he had coveyed, or whether he would rely upon the other party's warranty.

His election, as here, to re-enter, certainly would not constitute a breach of the warranty contained in his deed.

But from the nature of the transaction, and the stipulation in the respective deeds, an election by the ousted party to re-enter, would have the effect of nullifying the warranty contained in his deed to the other. This seems clearly to be the result as between the original parties to the deeds, and in this respect Mays could not occupy any better position than his vendor Lee.

Mays bought with notice of these stipulations—in fact the law charges him with such notice.

Peters vs. Clements, 46 Tex. 114; Willis vs. Gay, 48 Tex. 463.

In our opinion Pugh was not estopped from recovering the land conveyed by him to Lee on account of his warranty, and that the court erred in rendering judgment in favor of Mays for the land.

We conclude, and so report, that the judgment of the court below ought to be reversed, and that the supreme court should render the judgment that ought to have been rendered by the court below, to-wit: That appellant, J. R. Pugh, do have and recover of and from Milton Mays, appellee, the land described in the petition, and that he have his writ of possession, and also recover all costs in this cast incurred.

· The report of the commissioners of appeals examined, their opin· ion adopted, and the judgment reversed and rendered in accordance with their recommendations.

WILLIE, C. J.