## Esther E. Baker v. Amos R. Mather and others: Henry W. King v. Horace Roatch and others.

*Constructive notice of prior unrecorded mortgage.* Everybody taking a conveyance of, or a lien upon, land, takes it with constructive notice of whatever appears in the conveyances which constitute his chain of title. A second mortgagee takes subject to a prior unrecorded mortgage expressly referred to in the deed to his mortgagor and excepted therefrom.

*Heard and decided April 25.*

Appeals in Chancery from Ionia Circuit.

Esther E. Baker filed her bill against Amos R. Mather, Dennis H. Burns, Horace Roatch, and Henry W. King to foreclose a mortgage made to her by Mather and Burns, dated January 21, 1864, but which was not recorded until March 3, 1869. Roatch and King were made defendants as subsequent purchasers or incumbrancers. King alone answered, and the bill was taken as confessed by the other

defendants.   Subsequently Henry W. King filed his bill against Horace Roatch, Caroline E. Roatch, Esther E. Baker, and Dennis H. Burns to foreclose a mortgage made to him by said Roatch and wife, dated February 16, 1869, and recorded March 1, 1869.   Baker and Burns were made defendants as subsequent purchasers or incumbrancers. Baker alone answered, and the bill was taken as confessed by the other defendants.

These two mortgages covered the same premises, and the question involved was, which should take precedence. The two cases were heard together, and the same proofs used on the hearing of both.   From the proofs it appeared that the Baker mortgage was a purchase-price mortgage, given on the sale of the premises by Esther E. Baker to Burns and Mather; that said Burns and his wife subsequently conveyed their interest in the premises, subject to said mortgage, to said Mather, who afterwards conveyed the same, subject to said mortgage (which was expressly referred to in, and excepted from, the covenant of warranty in the conveyance), to Roatch; and that the latter, with his wife, afterwards executed the King mortgage.   On the hearing, King's bill was dismissed as to Esther E. Baker; and decree was entered in the suit brought by the latter, declaring her mortgage a prior lien on the premises to the King mortgage.   King brings both causes to this court by appeal, where the two are heard together.

*Lemuel Clute*, for Esther E. Baker.

*Wells & Morse*, for Henry W. King.

PER CURIAM.

The question in these cases is one of priority between two mortgages.   The second mortgage was recorded first,

and there is no evidence that the mortgagee therein had actual notice of the existence of the prior mortgage when he took his. It appears, however, that the deed, under which the mortgagor held the land, expressly referred to this prior mortgage, and made his title subject to it. The deed was not recorded, but this is an immaterial circumstance. Everybody taking a conveyance of, or a lien upon, land, takes it with constructive notice of whatever appears in the conveyances which constitute his chain of title.

Decrees below affirmed.