WILLIAM CHRISTIAN, ASSIGNEE, v. GEORGE V. HUGHES ET AL.

No. 982.

1. **Sale Under Trust Deed—Redemption—Rights of Assignee.**

Where land is conveyed subject to a lien, and the grantee makes an assignment for the benefit of creditors, his assignee stands in the same attitude that the assignor would occupy if no assignment had been made, and he can assert no higher or additional rights, with respect to the redemption or recovery of the land from a sale made in satisfaction of the lien, than the assignor himself could have enforced.

2. **Notice—Recitals in Chain of Title.**

Recitals in a deed through and under which a party claims, to the effect that unpaid purchase money due on the land is secured by deed of trust, charge such party, subsequently purchasing the land, with notice of the existence and terms of the trust deed, although the trust deed be not recorded at that time.

3. **Sale Under Trust Deed—Right of Redemption.**

One who purchases land subject to the lien of a trust deed, and who assumes the payment of the notes secured thereby, and makes default in such payment, and allows the property to be sold under the deed of trust, and to pass to remote purchasers, is concluded as to any right of redemption under the trust sale.

ERROR from Dallas. Tried below before Hon. R. E. BURKE.

*K. R. Craig* and *William Thompson*, for plaintiff in error.—1. Waggener having no actual knowledge of the recital of a deed of trust contained in the deed from Ophelia Eakin to Gray, was chargeable with constructive notice only of the contents of such recital.

2. A recital is constructive notice only of its terms, and to make it

apply to any particular instrument or right it must be clear and explicit. Taylor v. Harrison, 47 Texas, 454; White v. Carpenter, 2 Paige (N. Y.), 249; Kaine v. Denniston, 22 Pa. St., 210; Heister v. Fortner, 2 Binn., 40; Billington v. Welsh, 6 Binn., 129; Lodge v. Simonton, 2 Pen. & Watts (Pa.), 439; Van Slyck v. Skinner, 41 Mich., 186; Cambridge Valley Bank v. Delano, 48 N. Y., 326; Morris v. Murray, 82 Ky., 36; French v. Land Co., 5 Leigh. (Va.), 627; 2 Devlin on Deeds, sec. 1009; Gales v. Morris, 29 N. J., Eq., 222.

3. The recital of a collateral matter or instrument is not notice nor estoppel. See: Kansas City Land Co. v. Hill, 87 Tenn., 589; Bigelow on Estoppel (4 ed.), 341; 2 Devlin on Deeds, sec. 1006.

No brief for defendant in error reached the Reporter.

FINLEY, ASSOCIATE JUSTICE.—This suit was filed August 1, 1891, and was to set aside and redeem from a sale of certain lots in the city of Dallas made by J. D. Crutcher as trustee, to recover the lands so sold, as well as to vacate a deed of trust held by the Security Mortgage & Trust Company; or, in default of that, for a recovery subject thereto, and to set aside a conveyance of a part of the land made by Geo. V. Hughes, claiming under the trustee's sale to M. W. Russey, as well as generally an adjustment of the equities of all parties.

All the defendants appeared and answered. The case was tried without a jury, April 18, 1893, and judgment rendered for defendants. Plaintiffs filed petition and bond for writ of error, as well as assignments of error, April 2, 1894. Service was accepted by all defendants in error by endorsement on petition therefor. The following facts were established upon the trial:

1. Ophelia Eakin was the agreed common source of title.

2. Ophelia Eakin conveyed the land to Moses C. Gray, reciting the consideration in this language: "$800, of which the sum of $100 is in cash paid, and four notes of even date for $175 each, payable respectively in 1, 2, 3 and 4 years from date, with interest from date at the rate of ten per cent per annum, payable semi-annually, the same secured by deed of trust on said land hereinafter mentioned. These notes being a vendor's lien on the land herein conveyed." This deed was executed January 4, 1888, and filed for record same date, and was duly recorded.

3. Moses C. Gray executed a deed of trust upon the land to secure the unpaid purchase money, constituting J. D. Crutcher the trustee. This deed of trust was executed January 4, 1888, acknowledged January 4, 1891, filed for record April 6, 1891, and recorded April 9, 1891. It recited that it was executed, "To secure payment of four notes of even date for $175 each, with 12 per cent interest, interest payable semi-annually, due 1, 2, 3 and 4 years respectively, and providing for attorney's fees in case of suit, payable to Ophelia Eakins," and conveying the land in controversy; authorizing the trustee in default of the payment of any one of the notes at the request of the holder, to sell the property at pub-

lic auction for cash at the door of the court house in the city of Dallas, after having given twenty days' notice by posting on the bulletin board in the court house. The proceeds of such sale to be applied (1) to cost and expense of executing the trust, including a fee to the trustee; (2) to the payment ratably of said notes then unpaid, principal and accrued interest, adding, "it being understood that when default shall be made in the payment of any of said notes, all the others shall at once become due and payable at the option of the holder thereof;" (3) balance of the money to be paid to the grantor.

4. Moses C. Gray conveyed the land to R. H. Waggener, October 9, 1888, and 'the deed was filed for record November 27, 1888, and duly recorded. This deed recited the consideration to be "$1253.47, paid, as follows: Five hundred dollars cash, the receipt of which is hereby acknowledged, and the assumption by the said R. H. Waggener of four certain notes, executed January 4, 1888, by said Moses C. Gray, each in the sum of $175, payable to Ophelia Eakins, or order, 1, 2, 3 and 4 years after date, with 10 per cent interest per annum from date until paid, payable semi-annually—said notes and interest at this date amounting to $753.47."

5. R. H. Waggener, individually, and as a member of a firm of partners, executed a statutory deed of assignment for the benefit of creditors, naming William Christian as assignee. This deed of assignment was executed October 13, 1890, was duly recorded, and plaintiff qualified as assignee. The deed conveyed all the property both real and personal of R. H. Waggener, except such as was exempt from execution, not particularly specifying this lot of land.

6. J. D. Crutcher, trustee, conveyed the land to Chas. S. Swindells, April 7, 1891, and the deed was recorded two days thereafter. The deed recites a consideration of $100, and the further recitals: "Whereas, on January 4, 1888, Moses C. Gray executed and delivered to me, J. D. Crutcher, a deed of trust of said date, whereby, to secure Mrs. Ophelia Eakins in payment of four notes, each for $175, dated January 4, 1888, and due respectively in one, two, three and four years after date thereof, each bearing 12 per cent interest per annum, interest payable semi-annually, he conveyed to me, the said trustee, in trust, the following described land; and,

"Whereas, default has been made in the payment of the third of said notes, though same is long since due and payable, and Mrs. Ophelia Eakins, the holder of said note, has since said default requested me, the said trustee, to sell said property (land) in accordance with the provisions in said trust, and for the purpose of paying said note," etc. Then following with recital of advertisement and sale of land to grantee, describing the land in controversy.

7. Chas. S. Swindells conveyed the land to Geo. V. Hughes April 13, 1891; the deed was filed for record same day and duly recorded, and recited a consideration paid of five dollars.

8. May 7, 1891, Geo. V. Hughes borrowed from the Security Mort-

gage and Trust Company the sum of $500, and to secure the same executed a deed of trust upon the northwest half of the lot of land to J. T. Dargan, trustee. The loan was made after an examination of the record title, and without any notice of any claim adverse to that of Hughes, except such as might arise from the record of the deed of Gray to Waggener.

9. August 3, 1892, J. T. Dargan, as trustee, conveyed the said northwest half of the lot to the Security Mortgage and Trust Company, under a foreclosure and sale made on the first Tuesday in July, 1892, under the said deed of trust from Hughes to Dargan.

10. May 4, 1891, Geo. V. Hughes conveyed the southeast half of the lot of land to M. W. Russey; the deed recites a consideration of $1000, of which $500 was paid, and $500 secured by notes.

11. When R. H. Waggener bought the land, he had no actual knowledge of the fact that the notes executed by Moses C. Gray to Ophelia Eakins, the payment of which he assumed, were secured by deed of trust upon the land.

12. William Christian, assignee, had no actual knowledge that there was purchase money due upon the land until February 25, 1891, when he learned that fact through a letter from W. N. Vernon, a former clerk of Waggener, who lived in Dallas. Christian lived in Houston, Texas. He then wrote to Vernon to have the notes sent to a bank in Houston for collection and he would pay them; but if the holders of the notes would not do this, to pay them off himself, and draw on him (Christian) for the money. Christian did not actually know of the deed of trust until after the sale thereunder.

In the early part of 1891, the third note due upon the land was presented to R. H. Waggener for payment, through the National Exchange Bank of Dallas; he informed the bank of the assignment which he had made, and requested that the note be presented to the assignee, Christian, who would pay it. In the early part of 1891, the said note was presented through the City National Bank of Dallas to Cooper & Robinson, as agents of R. H. Waggener, for payment. The collector of the bank was informed of the assignment, and was told that the assignee, William Christian, of Houston, would probably pay it. Cooper & Robinson immediately wrote to William Christian of the presentation of the note. In a few days thereafter W. N. Vernon called at their office and inquired as to the note. Robinson went with Vernon to the bank, inquired about the note, and learned that it had been returned to the owner in Corsicana, Texas. Mr. Vernon asked the bank to get the note sent back to Dallas and he would pay it, or have it paid, and the officer of the bank promised to do so. No further effort was made to pay the note, and on account of default in its payment, the lot was thereafter sold under the deed of trust, as before recited. No actual knowledge of the sale was had by the assignee, or his agent Vernon until after Swindells conveyed the land to Hughes, when Vernon proposed to Hughes to pay him the amount of the past due note, interest on the other note, and whatever

expense had been incurred, if Hughes would give up his title under the trustee's sale.

*Conclusions of Law.*—1. The assignee Christian stands in the same attitude that R. H. Waggener would occupy, if he had not made an assignment of his property for the benefit of creditors, and were the plaintiff in this suit. The assignee can assert no higher or additional rights than Waggener himself could enforce.

2. The deed from Ophelia Eakins to Moses C. Gray is a link in the chain of title under which the plaintiff claims, and the recitals in that deed visit notice upon him of the existence and terms of the deed of trust executed by Gray to Crutcher, trustee, to secure the payment of the four purchase money notes executed by Gray to Ophelia Eakins, the payment of which was assumed by Waggener. Willis v. Gay, 48 Texas, 469-470; Robertson v. Guerin, 50 Texas, 317; Gaston v. Dashiell, 55 Texas, 516-517; 16 Am. and Eng. Ency. Law, 798; Groff v. Castleman, 16 Am. Dec., 754, and note; Baker v. Mather, 25 Mich., 51.

3. Having full notice of the terms of the deed of trust, and having assumed the payment of the notes secured thereby; and having defaulted in the payment of the notes and allowed the property to be sold under the deed of trust, and to pass to remote purchasers, Waggener's right of redemption has been concluded.

The facts as developed do not, in our opinion, authorize a cancellation of the several conveyances and the redeeming of the property by Waggener's assignee, plaintiff in error.

Judgment affirmed.

*Affirmed.*

Delivered February 22, 1896.

### ADDITIONAL CONCLUSIONS OF FACT.

FINLEY, ASSOCIATE JUSTICE.—1. The deed to Charles Swindells from the trustee recited the payment of purchase money, and there was no testimony as to the payment of the purchase money by him.

2. The deed from Swindells to Hughes recited payment of purchase money, and there was no testimony as to such payment.

3. The deed from Hughes to Russey recited payment of purchase money, and there was no testimony as to such payment.

4. R. H. Wagener when he purchased paid $500 in property, and assumed the payment of the vendor's lien notes due on the land.

Filed March 28, 1896.

Writ of error refused.