## HOUSEMAN *v.* GERKEN.

1. VENDOR AND PURCHASER—VENDEE TAKES CONVEYANCE OF LAND WITH CONSTRUCTIVE NOTICE OF WHATEVER APPEARS IN CONVEYANCES CONSTITUTING HIS CHAIN OF TITLE.

   One taking a conveyance of, or a lien upon, land, takes it with constructive notice of whatever appears in the conveyances which constitute his chain of title.[1]

2. MORTGAGES—PRIOR UNRECORDED MORTGAGE EXPRESSLY REFERRED TO IN SECOND MORTGAGE TAKES PRECEDENCE.

   A second mortgagee takes subject to a prior unrecorded

---

[1]Vendor and Purchaser, 39 Cyc. p. 1713.

mortgage, expressly referred to in the deed to his mortgagor and excepted therefrom.[2]

Appeal from Lenawee; Cross (Orien S.), J., presiding.    Submitted April 16, 1925.    (Docket No. 99.) Decided May 14, 1925.

Bill by Robert S. Houseman and another against Gottlieb P. Gerken, Isaac Weil and others to have a mortgage declared to be a first mortgage.    From a decree for plaintiffs, defendant Weil appeals.    Affirmed.

*Wood & Rathbun*, for plaintiffs.

*Baldwin & Alexander*, for appellant.

CLARK, J.   The circuit judge filed an opinion which we adopt in part.

"The bill of complaint was filed in this cause to have a mortgage declared a first mortgage upon certain real estate, issue was joined, and proofs taken in open court.

"From the testimony it appears that the plaintiffs conveyed certain lands to the defendants Gottlieb P. Gerken and Bertha Gerken, and as part payment of the purchase price accepted a mortgage in the sum of $16,312.50.    The mortgage was dated March 1, 1921, but was not recorded until March 25, 1921.    The delay being caused by an insufficient description of the property.

"On March 1, 1921, Gerken and wife conveyed the property to Warren A. Patton, and the deed was recorded March 11, 1921.    The warranty clause in this deed contained the following exception, 'Excepting a mortgage in the amount of sixteen thousand three hundred twelve and 50-100 dollars, bearing six per cent. interest, due March 1, 1926, with privilege payments with interest thereon after March 1st next, which grantee assumes and agrees to pay by the acceptance of this deed; and taxes and assessments due and payable after January 1, 1921.'

[2]Mortgages, 27 Cyc. p. 1200.

"On March 1, 1921, Warren A. Patton and wife executed a mortgage for $6,687.50, in favor of Mr. Gerken.   This mortgage was recorded on March 14, 1921.   On November 26, 1921, Mr. Gerken assigned this mortgage to the defendant Isaac Weil.

"Plaintiffs claim that their mortgage is a first mortgage on the premises and that the exception in the warranty clause of the deed to Patton was notice thereof to the defendant Weil.

"The defendant Weil claims that as long as the Gerken mortgage was the first one recorded that it is in fact a first mortgage on the premises.   *   *   *

"It must be held that the defendant Weil accepted the assignment of the Gerken mortgage subject to the conditions of the title of the property as shown by the records in the office of the register of deeds, at the time of the assignment.

"It therefore follows that the plaintiffs are entitled to the relief prayed in their bill of complaint, and have their mortgage declared a first mortgage on the premises."

Defendant Weil has appealed.

The law applicable is stated in the syllabus of *Baker* v. *Mather*, 25 Mich. 51.

"Everybody taking a conveyance of, or a lien upon, land, takes it with constructive notice of whatever appears in the conveyances which constitute his chain of title.   A second mortgagee takes subject to a prior unrecorded mortgage expressly referred to in the deed to his mortgagor and excepted therefrom."

See, also, *Fitzhugh* v. *Barnard*, 12 Mich. 104; *Mason* v. *Payne*, Walk Ch. 459.

Decree affirmed.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.