REDFORD LUMBER CO. *v.* KNIGHT.

MORTGAGES—MECHANICS' LIENS—MATERIALMAN'S LIEN SUBJECT TO CONTEMPLATED MORTGAGE OF WHICH HE HAD NOTICE.

 A recorded second mortgage which recited that it was subject to a first mortgage which was to be replaced by another of stated amount was constructive notice thereof to one who furnished material for a building erected on the mortgaged land, and, therefore, the latter's lien is subject to said mortgage, although it was not executed until after the material was furnished, since under the statute (Comp. Laws Supp. 1922, § 14796), his lien only attaches to the interest of the owner to the extent of his interest at the time the materials are begun to be furnished.

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 4, 1928. (Docket No. 21.) Decided June 4, 1928.

Bill by the Redford Lumber Company against Bruce Knight, the Union Trust Company, and others to foreclose a mechanic's lien. From the decree rendered, plaintiff appeals. Affirmed.

Mechanics' Liens, 40 C. J. § 374; 18 R. C. L. 956 *et seq.;* 3 R. C. L. Supp. 880.

*Frank Day Smith,* for plaintiff.

*Campbell, Bulkley & Ledyard,* for defendant Union Trust Co.

CLARK, J.   Plaintiff had decree on its bill to enforce a mechanic's lien, but because the lien was not given priority over a mortgage of defendant Union Trust Company it has appealed.

The premises involved were owned by Louis W. Hartleb and Regina C. Hartleb.   They conveyed to Bruce Knight.   Knight mortgaged the premises to Society for Savings in the sum of $3,000.   He also mortgaged the premises to the Hartlebs in the sum of $1,537.75, which mortgage contained the following:

"It is understood that this mortgage is subsequent to a first mortgage of $3,000 to the Society for Savings and to a mortgage not exceeding $3,500 to be given to take the place of said Society for Savings mortgage."

The deed and the two mortgages were duly recorded on August 22, 1922.

Plaintiff began furnishing materials to Knight on October 19, 1922, and continued to do so until January 6, 1923.   On January 23, 1923, a mortgage in the sum of $3,600 to take the place of the Society for Savings mortgage was given by Knight to Union Trust Company and recorded January 27, 1923. This mortgage later was assigned to Metropolitan Life Insurance Company and was assigned back to Union Trust Company before the hearing.   The Society for Savings mortgage was discharged.   Plaintiff contends that, under section 14804, subd. 3, 3 Comp. Laws 1915, its lien is entitled to priority over the mortgage of January 23, 1923, because the mortgage was given and recorded subsequent to the commencement of building.

Defendant Union Trust Company, the only defendant to file brief here, contends, among other things, that—

"Where one supplying materials is put upon notice before the delivery of the same of the fact that there exists or is to be created a lien prior to his own, the rights of such lien claimant are prior to and superior over the rights of the persons supplying material."

We think defendant is right. The lien attaches to the "interest of the owner" and "to the extent of the right, title and interest of such owner * * * at the time the work was commenced or materials were begun to be furnished" * * * Comp. Laws Supp. 1922, § 14796.

In *Baker* v. *Mather*, 25 Mich. 51, it was held, quoting syllabus:

"Everybody taking a conveyance of, or a lien upon, land, takes it with constructive notice of whatever appears in the conveyances which constitute his chain of title. A second mortgagee takes subject to a prior unrecorded mortgage expressly referred to in the deed to his mortgagor and excepted therefrom."

And, see, *Houseman* v. *Gerken*, 231 Mich. 253.

The recital in the recorded Hartleb mortgage gave constructive notice to plaintiff that the parties in interest had agreed that the first mortgage to Society for Savings was to be replaced by another mortgage for $3,500 which was to continue to be the first lien. Plaintiff's lien is subject to the condition of the title of which it had notice. See *Union Terminal Co.* v. *Turner Construction Co.*, 159 C. C. A. 585, 247 Fed. 727 (11 A. L. R. 880); *Luce* v. *Stott Realty Co.*, 201 Mich. 587; 40 C. J. p. 288.

That in any event Union Trust Company is entitled to priority for having paid off incumbrance admittedly prior to plaintiff's lien is a question unnecessary to decision. And the record does not state the amount so paid.

That plaintiff is entitled to priority with respect to $100 of the Union Trust Mortgage, the amount by which it exceeds the sum stated in the Hartleb mortgage, is a point not made, and it is passed.

Decree affirmed, with costs to defendant Union Trust Company.

FEAD, C. J., and NORTH, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.