McBRIDE v. McBRIDE.

REFORMATION OF INSTRUMENTS—MORTGAGES—MISTAKE.
    Where part of lot was by mutual mistake inadvertently
    omitted from mortgage, of which mortgagor's grantee had
    notice, he may not claim to be innocent purchaser for value,
    but mortgagee is entitled to have mortgage reformed so as
    to cover whole of lot.

Appeal from Wayne; Hawley (Royal A.), J., presiding. Submitted April 10, 1930. (Docket No. 52, Calendar No. 34,877.) Decided June 2, 1930.

Bill by John McBride against James F. McBride, Lawrence B. Snyder, and others to amend a description in a real estate mortgage and foreclose the same as amended. From a decree dismissing the bill as to defendants Snyder, plaintiff appeals. Reversed.

*Don M. Harlan*, for plaintiff.

*Dykema, Jones & Wheat*, for defendants Snyder.

NORTH, J. The defendants James F. McBride and his wife, Cora, were the owners of a lot fronting on Theodore street in Detroit. June 7, 1926, they mortgaged this property to the plaintiff, John McBride, for $5,100; but because of an error in describing the property the mortgage as drafted did not include the front 20 feet of the lot. None of the parties were aware of this mistake. In September following, the defendant James F. McBride being indebted to the defendant Lawrence B. Snyder on

certain notes, an instrument in the form of a warranty deed correctly describing this lot was given by James F. McBride and wife to Mr. and Mrs. Snyder. This deed, which in fact and in law was a mortgage, contained a covenant that *"the above granted premises * * * are free from all encumbrances whatever except a mortgage in the amount of $5,100 dated June 7, 1926, held by John McBride."* Mr. Snyder admits that when he took this security he understood that the mortgage held by the plaintiff was a lien upon the whole of this lot. On June 8, 1928, incident to a settlement of matters pending between James F. McBride and Snyder, including the discontinuance of a chancery suit instituted by the latter against the former, Mr. and Mrs. James F. McBride gave a quitclaim deed of their interest in this lot to Mr. and Mrs. Snyder. A settlement agreement executed between these parties on the same date referred to the earlier deed (mortgage) as having transferred the lot "subject to the then existing mortgages encumbering said property."

The plaintiff herein foreclosed his mortgage and purchased the property at the sale. Before the period of redemption expired he discovered that neither this mortgage nor the deed executed incident to the foreclosure sale covered the front 20 feet of the lot. It soon developed that the defendants Snyder claimed title to this front 20 feet by reason of the quitclaim deed they had received from Mr. and Mrs. James F. McBride; and they denied that this portion of the lot was subject to plaintiff's mortgage. Thereupon Mr. John McBride filed the bill of complaint in the instant case, alleging that the defendants Snyder are not innocent purchasers of this property for a valuable consideration, praying that the description in his mortgage be corrected on

the ground of mutual mistake, that the interest of Mr. and Mrs. Snyder in this property be made subject to plaintiff's mortgage, that foreclosure be decreed, and upon sale the amount received be first used in paying the amount due plaintiff and any residue be turned over to the defendants Synder. The allegations of the bill and the right to the relief sought are admitted by Mr. and Mrs. James F. McBride; but the Snyders claim to be innocent holders of title to the front 20 feet of the lot and for value; and as to them plaintiff's bill of complaint was dismissed. He has appealed.

After having given the record detailed consideration, we feel constrained to hold that the issue here for review was erroneously decided in the lower court. Several months before taking the quitclaim, Mr. Snyder learned from the public records that plaintiff's mortgage described only the rear 88 feet of this lot; but from the recital in the deed which the Snyders had previously taken and recorded it fairly appeared that plaintiff's mortgage covered the "granted premises" which was the *whole* lot. In other words, notice of plaintiff's mortgage as an incumbrance covering the entire property appeared in Snyder's chain of title and was notice to him of plaintiff's lien thereon. *Baker* v. *Mather,* 25 Mich. 51; *Houseman* v. *Gerken,* 231 Mich. 253; *Redford Lumber Co.* v. *Knight,* 242 Mich. 695. And Mr. Snyder was also cognizant of other cogent facts which have a very material bearing upon his claim of being an innocent purchaser. As before stated, he admits that when he took the first deed (mortgage) he was given to understand that the whole of the lot was subject to plaintiff's mortgage. He knew the size of this lot, substantially 58 feet in width and 108 feet deep; and that it was necessarily all used as one parcel

having a frontage on only one street. The rear 88 feet was obviously of comparatively small value because not susceptible of practical use without the frontage. It would indeed be extraordinary that one would take a mortgage for $5,100 on the rear portion of such a lot, when title to the whole parcel was in the mortgagor. On the very day Mr. and Mrs. Snyder took the quitclaim deed through which they now assert title to the front 20 feet, they signed a settlement agreement with Mr. and Mrs. James F. McBride in which it was recited that this was a mortgage *"encumbering said property;"* obviously meaning that there was an incumbrance on the whole of the lot and not on a part only. Mr. Snyder was then dealing with the mortgagor who admits that this mortgage was intended to cover the whole lot and who has never taken a contrary position. Considering the knowledge which Mr. Snyder then had of this transaction, it seems plain that the slightest desire to exercise good faith would have led him to make inquiry of this mortgagor as to whether the front 20 feet was covered by the mortgage. The first deed (mortgage) of this lot taken by the Snyders not only recited that the incumbrance covered the property described in the deed which was the whole of the lot, but it also gave the amount of the mortgage and the name of the mortgagee. Further, Mr. Snyder could have readily ascertained the probable cause of a defective description in plaintiff's mortgage. The rear 88 feet was a portion of one lot as the plat was originally laid out, and the front 20 feet was made up of small portions from two other lots. It was this latter part that obviously was inadvertently omitted from the description in plaintiff's mortgage. The unusual character of this description was known to Mr. Snyder and those who

investigated the title for him. Notwithstanding Mr. Snyder or those representing him were possessed of the knowledge above indicated, which was abundantly sufficient to put him on his guard, he made no inquiry from available parties in an effort to ascertain the truth. We are satisfied that Mr. Snyder sought to blind himself as to the real situation, thinking he could profit by relying on information found in the public records. He did not act in good faith, and should not be allowed to shield himself on the theory or claim that he is an innocent holder of the title to the front 20 feet of this lot. The plaintiff should have been granted the relief sought. The decree entered in the circuit will be vacated and one entered here correcting the description in plaintiff's mortgage and granting the foreclosure relief prayed. The case will then be remanded for mortgage sale under the direction of the circuit court. Appellant will have costs of this court against the defendants Snyder.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE and FEAD, JJ., concurred.